### PEOPLE v. COLMEY.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

CRIMINAL LAW—EVIDENCE—CORROBORATION OF ACCOMPLICE—FORGERY.

Evidence in a prosecution for forgery considered, and *held* insufficient to corroborate the evidence of an accomplice.

Patterson, P. J., and Houghton, J., dissenting.

Appeal from Court of General Sessions, New York County.

Charles Murray Colmey was prosecuted for forgery, was convicted, and appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Charles Lex Brooke (Clark L. Jordan, of counsel), for appellant.

William Travis Jerome (E. Crosby Kindleberger, of counsel), for the People.

SCOTT, J. The defendant was convicted of the crime of an attempt to utter a forged instrument, to wit, a forged certificate of stock of the Norfolk & Western Railroad. The principal witness for the prosecution was one Charles Augustus Seton, a confessed accomplice, and the chief point relied upon by the appellant is his claim that the testimony of the accomplice was not corroborated by other evidence tending to connect the defendant with the commission of the crime. Seton's testimony was to the effect that he, with certain confederates, had forged a number of certificates of stock of the Norfolk & Western Railroad Company; that defendant had called on him and asked what he was handling; that Seton replied that he was handling some railroad bonds, mentioning the Norfolk & Western securities; that defendant asked where Seton got them, to which the latter replied that they had been given him by the private secretary of the owner, who lived in Buffalo, and that they had been taken without the owner's consent and wrongly from the vault; that defendant said, "Well, it doesn't look like good stock to me; it is new looking; it looks like Gardner's work;" that he further said, "It looks wrong; it looks phoney; it looks like scratch

work; it looks like Gardner's work;" that defendant finally said that he thought the stock would go, and that he could introduce Seton to a man who could handle it; and that he did introduce a man named Davis. This was some time in July or August. The transaction upon which defendant was convicted took place some time later. Defendant called upon a broker named Meloy and sought to arrange for a loan upon 200 shares of Norfolk & Western stock. Seton testified that on this occasion the defendant took with him and had in his possession two forged certificates, but it does not appear that he showed them to Meloy. It is upon this attempt to procure a loan that the defendant was convicted of "an attempt to utter" the forged certificates.

It is obvious that to justify the conviction it must be made to appear by competent evidence that the defendant sought to obtain the loan upon certificates which were forged and which he knew to be forged instruments. These were the essential elements of the crime, and the serious objection to the judgment of conviction is that as to neither of these points was the evidence of Seton, the accomplice, in any way corroborated. Except by his evidence there is nothing to show that the certificates which the defendant took to Meloy's office were forged, or that, if they were, the defendant knew it. Meloy's evidence goes no further than to prove that defendant sought to procure a loan on Norfolk & Western stock certificates, and for all that appears from his evidence the certificates upon which the loan was sought may have been genuine.

For this lack of corroboration of Seton's evidence as to the essential elements of the crime for which defendant was convicted, the judgment and order must be reversed.

McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, P. J., and HOUGHTON, J., dissent.