## PEOPLE v. GHIGGERI.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

1. FORGERY (§ 44*)—EVIDENCE.

That a check was returned to an indorsee by a bank, with a slip of paper attached stating that it was returned because the indorsement was a forgery, was not competent proof that any indorsement was a forgery.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 117–121; Dec. Dig. § 44.*]

2. FORGERY (§ 44*)—SUFFICIENCY OF EVIDENCE.

In a trial for petit larceny in having procured a check to be cashed on false pretenses, evidence held insufficient to show that the indorsement on the check was a forgery, or that defendant knew that it was a forgery.

[Ed. Note.—For other cases, see Forgery, Dec. Dig. § 44.*]

Appeal from Court of Special Sessions of City of New York.

Gennaro Ghiggeri was convicted of larceny, and appeals. Reversed, and new trial granted.

See, also, 122 N. Y. Supp. 1141.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Morris Jablow (Louis B. Williams, on the brief), for appellant.
Robert S. Johnstone, for the People.

LAUGHLIN, J.   The judgment recites that the defendant was convicted of a violation of the provisions of section 1298 of the Penal Law (Consol. Laws, c. 40). That section merely provides that every larceny, other than grand larceny in the first and second degrees, is petit larceny. The acts with which the defendant is charged, set forth in the three counts of the information, might constitute a violation of the provisions of section 1290, subd. 1, of the Penal Law, which correspond with the provisions of section 528, subd. 1, of the Penal Code, or with a violation of the provisions of section 1293 of the Penal Law, which correspond with the provisions of section 529 of the Penal Code. The substance of the charge is that the defendant obtained from one Bruno the sum of $18.73 by false and fraudulent pretenses with respect to the validity of a check for that amount, which purported to have been drawn by one Benedict Warner on the American Exchange National Bank to the order of Sperra Bros., and which purported to have been indorsed by the payees.

In order to constitute a violation of the provisions of section 1290, subd. 1, of the Penal Law, it was necessary to show that the defendant obtained the money from Bruno with intent to deprive him thereof, or to appropriate the same to his own use, or to that of another, and that he obtained it "by color or aid of false or fraudulent representation or pretense," or by the aid of the check, and that the check was a "false token or writing"; and in order to constitute a violation of section 1293 of the Penal Law it was incumbent upon the people to show that the defendant "willfully, with intent to defraud, by color or aid" of

the check, obtained the money from Bruno, knowing "that the drawer or maker" of the check was "not entitled to draw on the drawee for the sum specified therein." It is manifest, therefore, that it was necessary for the people to show either a false representation and criminal intent or knowledge on the part of the defendant that the check was invalid, or that the drawer or maker had not funds on deposit with the drawee sufficient to meet the same. This court held, in People v. Whiteman, 72 App. Div. 90, 76 N. Y. Supp. 211, that the mere presentation of the check of another by the defendant in payment of his hotel bill did not constitute a representation that the drawer of the check had funds to his credit with the bank on which it was drawn, and did not constitute a violation of the provisions of section 528 or section 529 of the Penal Code, which has been re-enacted without material change in section 1290 of the Penal Law.

In the case at bar the conviction has evidently been had upon the theory that the indorsement of Sperra Bros. on the check was a forgery; but even this was not shown by the evidence. On the back of the check as introduced in evidence appears the following:

"Sperra Bros. George N. Bruno. Pay 19th Ward Bank, or order. 12th Ward Bank. Received payment through New York Clearing House: Endorsement guaranteed. 19th Ward Bank."

It thus appears that the check was not indorsed by the defendant. Bruno testified that he put the check in his bank, and that it came back to him with a white piece of paper attached, showing that it was returned by the American Exchange National Bank for the reason assigned, which was "Indorsement a forgery." This was not competent proof that any indorsement was a forgery, nor does it indicate which indorsement is claimed to have been a forgery. Bruno did not testify that he indorsed it, and for aught that appears the claim with respect to the forgery may have had reference to the indorsement of his name on the check. But if it could be assumed that it had reference to the first indorsement, and that the same was a forgery, still there is no evidence of guilty knowledge on the part of the defendant. It appears by the testimony of the cashier of the American Exchange National Bank that the drawer of the check had funds to his credit in the bank, and the check was paid when presented and charged to his account, but that the drawer subsequently returned the check to the bank, and the bank collected the amount paid thereon through the bank from which it received it.

The defendant at the time in question was in the employ of Bruno. Bruno testified that the defendant—

"came to the office one morning, and said that he had a check, and his brother-in-law gave it to him. I saw it was indorsed by his brother-in-law, Sperra, and I cashed it for him."

This is the only evidence that the defendant made any representation with respect to the check. His only representation, therefore, was that he received it from his brother-in-law. The only evidence with respect to who his brother-in-law was is the testimony of Bruno that he saw that the check was indorsed by the defendant's brother-in-law. If so, that proves the truth of the representation which defendant made. It

may, however, be said that the witness meant, not that the indorsement was genuine, but that it contained such an indorsement. If it may be assumed from this testimony that one of the Sperra Bros. was the defendant's brother-in-law, that fact alone is insufficient to show that he knew that the indorsement was not made by one authorized to indorse the check for Sperra Bros. It may be that by virtue of the copartnership authority or an arrangement with the bank all members of the firm were not authorized to indorse checks, and that the indorsement was regarded as a forgery on this theory. The facts must be more satisfactorily shown in a case involving individual liberty and reputation. It was not disproved that he received the check from his brother-in-law, as he stated; and this is an entire absence of competent evidence that the indorsement on the check when the defendant delivered it to Bruno was a forgery, or that he knew that it was a forgery.

It follows, therefore, that the judgment of conviction should be reversed, and a new trial granted. All concur.