# COURT OF GENERAL SESSIONS — NEW YORK.

## January, 1917.

## PEOPLE v. JAMES F. BAXTER.

### (98 Misc. 552.)

INDICTMENTS—RETURN OF—GRAND JURY—EVIDENCE—FORGERY—WHEN MOTION TO DISMISS INDICTMENG GRANTED—CRIMINAL LAW.

Where on motion to dismiss an indictment for forgery in the second degeree charging defendant with having forged a certain instrument in writing, known as a traveler's check, and with uttering the same with intent to defraud, well knowing that it was forged, it appears that there was no legal proof before the grand jury which returned the indictment that defendant either forged the check or uttered it with guilty knowledge, the motion will be granted, and where the proof may be supplied an order may be entered directing the submission of the case to the same or another grand jury.

MOTION to dismiss an indictment.

*John J. Curtin,* for motion.

*Frederick J. Sullivan, Deputy Assistant District Attorney,* in opposition.

NOTT, J.:

The defendant was on the 6th day of April, 1916, indicted for the crime of forgery in the second degree, the indictment containing two counts, the first count alleging that the defendant on the 13th day of June, 1915, forged a certain instrument in writing commonly known as a traveler's check, issued by the American Express Company. The second count charged that

the defendant uttered said instrument with intent to defraud, well knowing that the same was forged.

In November, 1916, an order of this court was made granting the defendant an inspection of the minutes of the testimony taken before the grand jury. Such inspection having been had, he now moves to dismiss the indictment upon the ground that improper and illegal evidence was received before the grand jury, and that the legal evidence received was insufficient in law to warrant the finding of an indictment.

There was no evidence whatever before the grand jury showing, or tending to show, that the defendant himself forged the said instrument, and the indictment, therefore, can only be supported as to the second count which charges uttering.

Knowledge on the part of the defendant that the forged instrument uttered by him was forged is an essential element of the crime. (People v. Colmey, 116 App. Div. 516.) The grand jury, on the evidence before it, was justified in finding that the defendant on some day in June, 1915, uttered the instrument, but there is a total failure of any legal proof to show that at the time he uttered it he knew the instrument was a forgery. The only effort to prove such knowledge was made by the testimony of one Lambert, inspector of the American Express Company. He testified to the investigations that he had made and to information that he had received from third parties, not called as witnesses. He testified that other people had told him that a man answering to the description of the defendant had cashed American Express Company checks with them and that he subsequently had the defendant appear before some of these people who said that he was the man.

The fact that the defendant, at various times reasonably connected in point of time with the offense charged, uttered other similar forged instruments may very likely be competent and sufficient evidence to prove guilty knowledge and felonious intent upon his part, but the fact that he did so must be estab-

lished by competent evidence. The testimony of Lambert constituted pure hearsay evidence and was insufficient to prove this essential element of the case.

There being, therefore, no legal proof that the defendant either forged the check or uttered it with guilty knowledge, the indictment must be dismissed.

As it is apparent that this proof may be supplied, an order directing the resubmission of the case to the grand jury will be granted if the district attorney is able to produce the necessary evidence.

Ordered accordingly.