TARWATER v. STATE.

4402                                   192 S. W. 2d 133

Opinion delivered February 4, 1946.

688

*E. M. Ditmon,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

SMITH, J. An information was filed against appellant containing two counts, in the first of which he was charged with the crime of forgery, and, in the second, with having uttered the instrument alleged to have been forged.

At his trial he was found not guilty on the first count, and a mistrial was entered as to the second count, the jury having failed to agree.

Thereafter, by consent, appellant was tried by the court without a jury, upon the second count, pursuant to § 3912, Pope's Digest, and while the court announced no findings of fact or declarations of law, appellant was adjudged guilty, and given a sentence of two years in the penitentiary, and from that judgment is this appeal.

The only errors assigned in the motion for a new trial are, that the judgment is contrary to the law, and contrary to the evidence, and contrary to the law and the evidence.

The writing in question was a check reading as follows:

"FORT SMITH, ARK., 9-4-1945 No.............

## "THE FIRST NATIONAL BANK

"Pay to Charley Tarwater OR ORDER   $757.85

Seven Hundred Fifty Seven 85/100 . . . . Dollars

"/s/ M. E. Marderd

"Endorsed:

Charley Tarwater"

No testimony was offered by appellant in explanation of the state's testimony, which was to the following effect. W. B. Robertson operates a grocery store in the city of Fort Smith, and had from time to time sold appellant groceries, but always for cash. Appellant came to Robertson's place of business, and asked Robertson to cash the check in question, but Robertson did not have enough cash on hand to do so. Appellant asked Robertson to advance him $20 on the check, and when Robertson agreed to do so, the request for an advance was increased to $22 and that sum was given appellant, and appellant told Robertson to cash the check and pay him the balance. There was some conversation as to whether the check was good, and appellant said if it was not, that he lived only three doors away, and appellant explained that the check had been given him in payment of a bunch of hogs and some cattle, which he had sold and he had stated that he had almost given away his cattle.

Robertson presented the check to the bank on which it was drawn, and was told that the drawer was unknown at the bank, and never had an account with the bank. One of the bank's bookkeepers confirmed this statement. Robertson received the same answer, when he inquired at the other banks in the city, whether appellant carried an account with any of them.

Appellant returned to Robertson's place of business the following day and asked: "Have you got my money?" and was told that the check was "As hot as a pistol," and that the officers of the law had the check and were looking for him. Robertson explained to appellant that he had given the check to the officers because he had learned that appellant had moved from the place where he said he resided, and he did not know what else to do. Appellant said if the check was given to him, he would return the sum of money advanced, but he made no tender of the money, and while they were talking police officers came into Robertson's store and took appellant into custody.

On the way to the jail appellant stated to the officer who had him in custody that the check had been given

him in payment of money he had won in a game of craps played at Moffet, Oklahoma. The state caused a summons to be issued for the drawer of the check, which was not served for the reason that no such person could be found. A summons was sent to officers at Moffet, Oklahoma, which was not served for the same reason. The court evidently found, and the facts recited support the finding, that the name signed to the check was that of a fictitious person, and while the jury acquitted appellant of the charge of having forged the check, it is certain that he uttered it. These are separate offenses and one might be guilty of the offense of uttering the forged instrument, although not guilty of the offense of having forged it, and he would be guilty of the latter offense if, knowing the instrument was a forgery, he had uttered it as a valid instrument.

The opinion in the case of *Maloney* v. *State,* 91 Ark. 485, 121 S. W. 728, 134 Am. St. Rep. 83, 18 Ann. Cas. 480, announces the principles of law applicable and controlling here. There a conviction for uttering a forged instrument, which was a check drawn upon the Bank & Trust Company of Walnut Ridge, Arkansas, was reversed because it was not shown by competent testimony that the drawer of the check did not have an account with that bank. Here that testimony was supplied. In that case, it was contended that the conviction should be reversed because it was not proved that the name of C. B. McDonald, affixed to the check as the alleged drawer, was a forgery. But it was there said:

"In a prosecution for uttering a forged writing, before there can be a conviction, the state must prove that the instrument offered was forged, and that the defendant knew it was forged. It is true that no witness testified that this was not the signature of C. B. McDonald; but if C. B. McDonald was a fictitious person, and such name was signed to the instrument, then it would be a forged writing. 'To constitute forgery the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious.' 13 Am. & Eng. Ency. Law (2d Ed.) 1088. It is for the jury to determine under the

evidence whether the person whose name appears signed to the instrument is a real or fictitious person. If they should find upon evidence that the name was of a fictitious person, then the inference arises that the person who utters and publishes such instrument as true either forged the name or knew it to be forged. (Citing cases.)"

It was there further said: "And it is competent to show that the person whose name is affixed to a check as drawer is fictitious by the evidence of the proper officer of a bank upon which such check is drawn that no person bearing such name kept or had an account with such bank or was a customer of such bank. (Citing cases.)"

The undisputed testimony in the instant case meets these requirements of the law to sustain a conviction for uttering a forged instrument. That it was uttered is certain and that appellant knew it was forged appears equally as certain. Appellant offered two conflicting explanations of his acquisition of the check, one of which was necessarily untrue, and the other, no doubt, equally false. It was only by proving appellant's statements that any explanation of his possession of the check was furnished, and we think the court was warranted in finding that the name appearing on the check was that of a fictitious person, and that appellant was aware of that fact. The instrument was, therefore, a forgery. The judgment must be affirmed, and it is so ordered.