BEASLEY *v.* STATE.

4674                                      242 S. W. 2d 961

Opinion delivered October 29, 1951.

*George F. Edwardes,* for appellant.

*Ike Murry,* Attorney General and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

HOLT, J. On information charging the crime of burglary, a jury convicted appellant and assessed his punishment at a term of two years in the State Penitentiary. From the judgment comes this appeal.

—(1)—

For reversal, appellant first questions the information. He argues that as originally filed it failed to state an offense in that it "did not allege the intent to commit a felony" and that the court erred in permitting State's counsel to amend following the empaneling of the jury. We cannot agree.

As originally filed, the information did not contain the words "felony and grand." As amended, the words *"felony and grand"* (in italics) were inserted and as so amended it read, omitting the formal parts: "Accuse the defendants, Walter Johnson & Nathaniel Beasley, of the crime of burglary committed as follows, to wit: The said defendant on the 31 day of Jan., 1951, in Miller County,

Arkansas, did unlawfully, willfully, and feloniously and burglariously break and enter Bobbie's Cafe and broke and tore into the juke box and taking what money that was contained therein, and broke and tore into the cigarette machine and took what cigarettes that were in said machine which was more than 40 packages, with the unlawful and felonious intent to commit a *felony & Grand* Larceny and did steal, take and carry away said money and said cigarettes after having burglariously broken into Bobbie's Cafe, owned and operated by Bobbie Bates, against the peace and dignity of the State of Arkansas.''

The authority of the court to permit counsel for the State to amend the information, in the circumstances, was given by Initiated Act No. 3 of 1936, now §§ 43-1006 and 43-1024 Ark. Stats. 1947.

We said in *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304, that ''it is well settled by the decisions of this court that under the provisions of § 3853 of Pope's Digest (now § 43-1024 Ark. Stats. 1947) above quoted, the attorney representing the State, with leave of the trial court, may amend an indictment or information, provided such amendment does not have the effect of changing the nature of the crime charged or the degree thereof.''

Appellant was charged with the crime of burglary and adding the words ''felony and grand'' before the word larceny did not change ''the nature of the crime charged or the degree of the crime charged.''

We have two statutes on burglary, § 41-1004 and § 41-1001, Ark. Stats. 1947. Appellant was tried under § 41-1001, which provides: ''Burglary is the unlawful entering a house, tenement, railway car, automobile, airplane, or other building, boat, vessel, or water craft with the intent to commit a felony or larceny. [Acts 1921, No. 67, § 2, p. 69; 1937, No. 349, §§ 1, 2, p. 1311; Pope's Dig., § 3058; Acts 1941, No. 360, § 1, p. 929.]''

That he was so tried is clear from the court's instruction No. 1 which, in part, provided: ''Now, burglary is defined by our statute as being the 'unlawful entering a

house, tenement, railway car, automobile, airplane, or other building, boat, vessel, or water craft with the intent to commit a felony or larceny,' * * *.''

Here we point out that § 41-1001, prior to its amendment by Act 360 of 1941, did not contain the two last words ''or larceny'' now appearing in § 41-1001. Prior to Act 360 above, to constitute burglary the breaking or entering of a building must have been with intent to commit a felony. Since its enactment, if there is a breaking but no entering, then the breaking must have been at night and with the intent to commit a felony provided by § 41-1004, to amount to burglary. Now under § 41-1001, if there is an ''unlawful entering'' with intent to commit a felony, or larceny, grand or petit, then this would constitute burglary. The purpose of Act 360 is to make any unlawful entry with intent to commit, either grand or petit larceny, burglary.

—(2)—

Next appellant says that the evidence is not sufficient to support the verdict. We hold that it was.

The principal witness for the State was Walter Johnson, an accomplice. He testified that January 31, 1951, he and appellant, Nathaniel Beasley, were in Bobbie Bates' Cafe in Texarkana, Arkansas, until closing time, 10 o'clock at night. Bobbie Bates, who operated the cafe, corroborated this testimony. Johnson further testified that he told appellant that he had to have some money and was going to get it before daylight and while they remained in the cafe, the glass in the front door was broken and he suggested to appellant that someone could break in there easy. Bobbie Bates testified that the front door was broken that night. Johnson further testified that following the closing of the cafe, appellant waited outside while he went through the hole in the front door, broke open a cigarette vending machine, took all the money therefrom, and a quantity of cigarettes. He also broke open a ''juke box'' and took the money which it contained. Bobbie Bates corroborated this testimony of Johnson to the effect that the machines were broken open and the money and cigarettes stolen. Johnson further

said he placed the cigarettes in four sacks, one of which he handed to appellant to carry "but told him not to look in the sack," that he and appellant took the cigarettes to appellant's home where they were placed in a suitcase and while there, the stolen money was divided between them, that they then entered a cab, proceeded to the home of appellant's brother and left the suitcase.

Mrs. Anna Beasley, the wife of appellant's brother, testified that appellant came to their house, as stated by Johnson, and left the suitcase containing cigarettes. The brother of appellant, Mrs. Beasley's husband, corroborated Mrs. Beasley and stated that the suitcase contained "35 or 40 packages" of cigarettes. Appellant's brother further testified that the suitcase containing the ciga·rettes which appellant had left at his house was picked up the following morning by officers and that the suitcase and cigarettes were the same as the suitcase and cigarettes presented at the trial. Officers Giles and Woodruff testified that the cigarettes and suitcase in evidence were the ones obtained at appellant's brother's home. While Johnson denied that appellant had anything to do with the burglary, the jury evidently chose to believe the State's version and, as indicated, the evidence in support of the verdict was substantial, and must be allowed to stand.

While as appellant contends, in felony cases, an accused may not be convicted on the uncorroborated testimony of an accomplice, "unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof," (Ark. Stats. 1947, § 43-2116), "The rule in this state is that the corroborating evidence need only tend to connect the defendant with the commission of the offense, and not that such evidence of itself be sufficient, and where there is sufficient evidence tending to connect the defendant with the offense, its sufficiency is a question for the jury, together with that of the accomplice. (Citing cases.)" *Fleeman and Williams* v. *State,* 204 Ark. 772, 165 S. W. 2d 62.

We think Johnson, the accomplice, was sufficiently corroborated to take the case to the jury. Appellant knew what was being done and the jury had the right to draw the conclusion that he was present, aiding and knowing that a crime was being committed, and participated therein.

Finding no error, the judgment is affirmed.