780

5142                                   394 S. W. 2d 491

Opinion delivered October 11, 1965.

*H. M. Ellis* and *Bon McCourtney*, for appellant.

*Bruce Bennett,* Atty. General, By: *William Powell Thompson,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. Carl Thompson, appellant herein, was charged with the crime of Forgery and Uttering. The Information alleged that he had forged the name of W. J. Wilson, as drawer, to a check in the amount of $25.00, made payable to Thompson, a notation appearing in the lefthand corner, ''labor,'' the check being drawn upon the Mercantile Bank of Jonesboro, Arkansas. Count Two in the information charged Thompson with uttering and publishing the check, knowing it to be forged, and cashing it at Guy's Cash Store in Trumann. On trial, the jury found Thompson guilty of uttering, and fixed his punishment at imprisonment in the State Penitentiary for a period of two years. From the judgment so entered, Thompson brings this appeal. For reversal, appellant simply contends that there is not sufficient evidence to sustain the conviction.

The state offered two witnesses. Mrs. Guy Beard, who works in the store, testified that Thompson came into the store, bought a pair of blue-jeans, and a western

shirt, and, after identifying himself, presented the afore-mentioned check to her:

"* * * I looked at it and not knowing this Mr. Wilson, I was hesitant about taking it. I conferred with my brother-in-law in the store and asked if he knew Mr. Wilson and he said yes, and he thought the check would be all right, so I took it. This is the address he gave me, Route 1, Harrisburg, Arkansas, c/o Pete Collins. I put that address on the check."

Thereafter, the check was deposited, and, subsequently, was returned with a notation, "Unable to locate." Mrs. Beard stated, "I don't think we ever were able to locate the Mr. Wilson."

Tony Futrell, Assistant Cashier of the Mercantile Bank at Jonesboro, testified that he could not find any record at his bank of an account in the name of W. J. Wilson "within the past twelve to fifteen years." This was all of the testimony presented by the state. Appellant moved for a directed verdict, which motion was denied. The defense then rested, and the motion for directed verdict was renewed, but again denied.

We agree that this evidence was insufficient to sustain the conviction. Certainly there was no showing that Thompson had forged the name of W. J. Wilson, an actual person, and the state's theory is that "Wilson" was a fictitious person. This apparently was the purpose in calling Futrell to testify that he could find no such account. While Futrell's evidence was competent for that purpose, we think it falls short of establishing that W. J. Wilson was a fictitious person, particularly since Mrs. Beard testified that her brother-in-law stated that he knew Wilson. This last mentioned evidence is, of course, diametrically opposed to the state's theory. However, even without this statement from the witness, we think the evidence insufficient to establish the state's contention. Merely showing that W. J. Wilson had no account at the Mercantile Bank in Jonesboro did not prove that there is no such person as W. J. Wilson. The drawer could well have made a mistake in using the Mercantile Bank check instead of some other bank in

Jonesboro where he might have an account. Apparently no effort was made to contact the other banks. While Mrs. Beard stated that she did not "think" that "we" were able to locate Wilson, no testimony or evidence was offered to show what efforts were made by the state to locate this person. No subpoena was issued for Wilson; nor was any evidence offered to the effect that the check, and endorsement, by Thompson (appearing on the back), were evidently in the same handwriting.

The state relies upon th case of *Tarwater* v. *State*, 209 Ark. 687, 192 S. W. 2d 133. There, appellant was convicted of uttering, the proof reflecting that he had cashed a check in a grocery store, made payable to himself (Tarwater), and ostensibly signed by one M. E. Marderd. The state's testimony reflected that appellant went to the Robertson Grocery Store and received cash on the check. Robertson presented the check to the bank on which it was drawn, and was told that the drawer was unknown, and had never had an account with the bank. The same answer was received when inquiry was made at other banks in the city, along with the information that appellant had no account. After Tarwater was arrested, he informed the officers that the check had been given to him in payment of money he had won in a crap game at Moffet, Oklahoma, though appellant had previously told Robertson that he had received the check in payment of hogs and cattle that he had sold. The state caused a summons to be issued for the drawer of the check, who could not be found, and a summons was then sent to officers at Moffet, which was not served for the same reason. These facts were all established in testimony, and Tarwater did not take the stand to testify. Tarwater was convicted of uttering on the basis of a finding that the name signed to the check was that of a fictitious person, and we held that the aforementioned testimony was sufficient to sustain the conviction.

Here, the state's witnesses did not testify to any conflicting stories by appellant; in fact, as far as this record is concerned, he gave his correct address, which Mrs. Beard noted on the back of the check. As previously pointed out, no inquiry was made at other banks in the

city to ascertain if the drawer carried an account, and no subpoena was issued for "Wilson." If the name "Wilson" was fictitious, it was essential that the state make a substantial showing that this was true. Obviously, there is quite a difference in the quantum of proof offered in the *Tarwater* case, and in the present case.

The judgment is reversed, and the cause remanded.