JAMES RICE, ALIAS JAMES ROBINSON *v.* STATE OF ARKANSAS

5215                                                    408 S. W. 2d 902

Opinion delivered December 5, 1966

*J. B. Milham,* for appellant.

*Bruce Bennett,* Attorney General; *John T. Haskins,* Asst. Atty. Gen., for appellee.

HUGH M. BLAND, Justice. Appellant, James Rice, alias James Robinson, and one Stanley Robinson, were charged by information with forgery and uttering. The State alleged that they forged a check in the amount of Thirty-Eight Dollars and Twenty Cents ($38.20) on the J. O. Robinson Plumbing Company payable to Stanley Robinson and signed J. O. Robinson Plbg. This check was drawn on the Benton State Bank and the check was cashed at the Saline Hardware Company.

Stanley Robinson pleaded guilty to the charges of forgery and uttering and was sentenced to the State Penitentiary. Appellant was tried before a jury on March 7, 1966, found guilty and sentenced to three (3) years for forgery and three (3) years for uttering. Appellant brings this appeal urging ten (10) points for reversal as follows:

"POINT NO. 1. The verdict of the jury is contrary to the evidence, and the law.

POINT NO. 2. The judgment is contrary to both the law and the evidence.

POINT NO. 3. The verdict and judgment are excessive.

POINT NO. 4. The Prosecuting Attorney refused to file the alleged forged check with the Clerk of the Circuit Court so appellant could inspect same and prepare for trial as requested twice by appellant; that said check shows on its face that the 4 letters 'Plbg' were written on the check by some one besides appellant or the person who wrote the check. The Court erred in permitting the check to be introduced in evidence.

POINT NO. 5. The Court erred in permitting ap-

pellant to be brought into court handcuffed to Stanley Robinson who was brought from the State Penitentiary and who testified against appellant.

POINT NO. 6. The Court erred in permitting the Prosecuting Attorney to introduce the alleged forged check over defendant's objections.

POINT NO. 7. The Court erred in permitting State's witnesses to testify over defendant's objections that the check was charged to J. O. Robinson Plumbing account and then taken out.

POINT NO. 8. The Court erred in refusing to instruct the jury not to consider the testimony of Bill Ford, witness for State, upon the grounds that Ford did not handle the forged check and did not handle the books and was disqualified to testify as to what the records showed.

POINT NO. 9. The Court erred in giving the State's Instruction No. 1 over appellant's objections and exceptions, his specific objections.

POINT NO. 10. The Court erred in giving State's Instruction No. 5 over defendant's objections and exceptions.''

It is not necessary to discuss appellant's third and fifth points as they were not raised in the motion for a new trial.

Points one and two challenge the sufficiency of the evidence to corroborate the accomplice, Stanley Robinson. We see no merit in this contention. Stanley Robinson testified that it was appellant's idea to get some money by writing checks; that they went to his house and appellant produced ten blank payroll checks of J. O. Robinson Plumbing Company. Appellant filled out one of these checks in the amount of $38.20 signed by J. O. Robinson Plbg. and payable to Stanley Robinson; that he (Stanley) took the check to Saline Hardware, endorsed and cashed it splitting the money

with appellant. Gerald Perry, clerk at Saline Hardware, corroborates Stanley Robinson's testimony about cashing this check and purchasing tools with part of it. Bill J. Ford, Vice President of the Benton State Bank, testified that the signature on the check did not match the signature card on file at the Bank. Sheriff Guy Grant testified that when he went to the Bank to investigate the check he immediately recognized appellant's signature on the check. [For his familiarity with the signature see *Rice* v. *State,* 240 Ark. 674, 401 S. W. 2d 562.] The Sheriff picked up appellant and he gave him a specimen of his handwriting by writing the mane "J. O. Robinson" ten times. This specimen was turned over to a Mr. Chandler at State Police Headquarters, (Chandler is a handwriting expert) and after comparison he testified that the specimen handwriting and the signature on the check matched. There is substantial corroborating evidence to connect appellant with the commission of the offense. *Lauderdale* v. *State,* 233 Ark. 96, 343 S. W. 2d 422 (1961).

We see no merit in appellant's fourth point for the reason that the Prosecuting Attorney, in response to a motion for a Bill of Particulars, made the check available for inspection. *Edens* v. *State,* 235 Ark. 996, 363 S. W. 2d 923.

Appellant's sixth point is in substance the same as his fourth point.

Points seven and eight are so related they can be discussed together. As we see it, the only contention here is that Bill J. Ford does not personally handle checks and bookkeeping. He is Vice President of the Bank and it is operated under his supervision. He was competent to testify as to the failure of the signature to match the signature card on file at the Bank. We see no merit in this point.

Appellant, for his ninth point, challenges the giving of State's Instruction No. 1 which is as follows:

"You are instructed that the forgery of an instrument is one offense, the offering to pass it, knowing it to be forged, whether he, himself, forged it or not, is another offense, which is called uttering a forged instrument."

This instruction is based on Ark. Stat. Ann. § 41-1805 (Repl. 1964) and is quoted verbatim. The instruction correctly states the law. Forgery and uttering are separate and independent offenses. *Ball* v. *State,* 48 Ark. 94, 2 S. W. 462. Appellant does not argue or try to show what is wrong with Instruction No. 1. It is a correct definition of forgery and uttering. *Tarwater* v. *State,* 209 Ark. 687, 192 S. W. 2d 133 (1946).

Appellant also challenges the giving of State's Instruction No. 5 which is as follows:

"There is another rule of evidence which applies to this case. Our statute provides that the jury cannot convict anyone charged with a felony on the uncorroborated evidence of an accomplice. By an accomplice is meant any person who had anything to do with the commission of the offense charged, and the evidence of any accomplice, uncorroborated, will not justify any jury in convicting a defendant, even though they believe it beyond a reasonable doubt.

You will observe that the corroborating evidence of an accomplice must not only show the facts and circumstances of the case, but also show the defendant's connection with it. The jury must not make the mistake of thinking that the corroborating evidence itself should be sufficient to convince you of his guilt beyond a reaonsable doubt. The instruction tells you, first, that the evidence of an accomplice must be corroborated; and, second, that all the evidence in the case, taken together, should convince you of his guilt beyond a reasonable doubt before you can convict.

The jury is instructed that if you find from the

evidence that the witness, Stanley Robinson, is an accomplice, because equally guilty with the defendant, if the defendant is guilty, then you are instructed that although you may believe the testimony of the witness Stanley Robinson, you would not convict the defendant on his testimony, unless you find that his testimony is corroborated by other testimony, either by direct or circumstantial evidence tending to connect him with the crime. This other evidence is not sufficient if it only shows the facts and circumstances that the offense was committed, but it must go further and show affirmatively that the defendant was connected with the crime and the commission of it.

This instruction does not mean to tell you that the corroborating evidence must of itself be sufficient to convince you of his guilt beyond a reasonable doubt, but it means that the evidence of Stanley Robinson, if an accomplice, must be corroborated and that all the evidence in the case taken together, must be sufficient to convince you of his guilt beyond a reasonable doubt, before you can convict him of anything.''

This instruction is a correct statement of the law. Ark. Stat. Ann. § 43-2116 (Repl. 1964), *Lauderdale v. State, supra; Beasley v. State,* 219 Ark. 452, 242 S. W. 2d 961 (1951) and *Thompson v. State,* 207 Ark. 680, 182 S. W. 2d 386 (1944).

Appellant's main objection to this instruction is that he says the instruction should have told the jury that Stanley Robinson was an accomplice and not leave that issue to the jury. This is not the law and there was no reversible error if it were, in fact, submitted to the jury. *Hummel v. State,* 210 Ark. 471, 196 S. W. 2d 594 (1946), *Boyd v. State,* 215 Ark. 156, 219 S. W. 2d 623 (1949).

Finding no error, the judgment of the circuit court is affirmed.