CHARLES ESTEP AND PAUL CRYAR *v.* STATE OF ARKANSAS

5332                                       427 S. W. 2d 535

Opinion delivered May 13, 1968

*Carl Stewart* and *Jeff Duty*, for appellants.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

PAUL WARD, Justice. This is an appeal by Charles Estep and Paul Cryar from a conviction for burglary and grand larceny.

When appellants were arraigned in circuit court on

August 18, 1967 they entered pleas of not guilty, and the court appointed Attorney Carl Stewart to defend them. The case was then continued and set for trial on September 5, 1965.

On the last mentioned date the following occurred: (a) Lawrence Hamilton who was also charged along with appellants, and who was sixteen years old, pleaded guilty and was sent to the Arkansas Industrial School. He is not involved here. (b) Appellants asked that they be furnished a copy of a confession of guilt signed by Estep on August 18, 1967, and that the hearing be set for a later date. The trial court granted both requests, and set the hearing for September 28, 1967.

During the trial the State offered to introduce in evidence the previously mentioned confession of Estep, which appears in the record as the State's Exhibit No. 1. At this point appellants objected to the introduction of the exhibit, but were overruled. Then appellants noted their exceptions to the ruling of the court, and further stated: "And we ask, and I make this motion out of the presence of the jury, that it be ascertained by investigation that the testimony of these witnesses, whether or not this was a free and voluntary statement". This motion was overruled by the court, and appellants again saved their exceptions. In overruling appellants' exceptions the court said: "Its a question of fact. The jury will consider all of the facts. Proceed." The exhibit was introduced in evidence, and the trial was continued. The trial resulted in a jury verdict of guilty on both counts, and sentences were fixed at not more than five years—to run concurrently.

For a reversal appellants urge four separate points. We will, however, discuss at any length only one point.

We have concluded the trial court erred in failing to determine, out of the presence of the jury, the voluntariness of Estep's confession. In reaching this con-

clusion we deem it unnecessary to discuss the decision of the U. S. Supreme Court cited by both parties, because we think Ark. Stat. Ann. § 43-2105 (Supp. 1967) is controlling in this case. It reads:

> "Issues of fact shall be tried by a jury, provided that the determination of fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; that the trial court shall hear the evidence concerning the admissibility and the voluntariness of the confession out of the presence of the jury and it shall be the court's duty before admitting said confession into evidence to determine by a preponderance of the evidence that the same has been made voluntarily."

The above section was cited and approved in *Mullins* v. *State,* 240 Ark. 608, 401 S. W. 2d 9.

In view of the above, the case must be reversed and remanded for a new trial.

We have examined carefully the other alleged errors and find no merit in any of them.

Reversed and remanded.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur because it appears that the trial judge never made a ruling that the confession was voluntary as required by *Jackson* v. *Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), and Ark. Stat. Ann. § 43-2105 (Supp. 1967). On the other hand, he seems to have left the determination of the question of voluntariness entirely to the jury. I agree that this was reversible error.

If he had held the confession voluntary and not left

846

the determination entirely to the jury, I feel that his action would not have been prejudicial. Where a confession is held voluntary and there is no showing that a hearing thereon in the presence of the jury was inadequate or had any other unfair consequences, there is not necessarily any prejudice to the defendant. See *Pinto* v. *Pierce*, 389 U. S. 31, 88 S. Ct. 192 (1967). 19 L. Ed. 2d 31 (1967). While objection was made and a hearing outside the presence of the jury was requested here, the defendant did not avail himself of the opportunity to testify or to offer any testimony on this question when the trial judge recessed the hearing, excused the jury and gave defendant that opportunity. Had the trial judge then ruled the confession voluntary, I cannot see how there would have been any prejudice to the defendant.