## Plutarcho C. HILL *v.* STATE of Arkansas

5593                                        467 S. W. 2d 179

Opinion delivered May 24, 1971

*Louis W. Rosteck,* for appellant.

*Ray Thornton,* Attorney General; *Milton R. Lueken,* Asst. Atty. Gen., for appellee.

Frank Holt Justice. Appellant was convicted of robbery by a jury which assessed a penalty of twelve years' imprisonment in the State Penitentiary. From a judgment entered on that verdict appellant brings this

appeal. Appellant's present counsel, who did not participate in the trial, was then appointed for appeal purposes.

Appellant first contends that the lower court erred in failing to hear evidence concerning the admissibility and voluntariness of his confession out of the presence of the jury. Appellant cites Ark. Stat. Ann. § 43-2105 (Supp. 1969) which provides that the trial court shall determine by a preponderance of the evidence the admissibility and voluntariness of a confession out of the jury's presence "when the issue is raised by the defendant." A hearing on the voluntariness of appellant's confession was conducted in the presence of the jury. The court determined the confession to be voluntary before admitting the confession into evidence. Appellant did not object nor request a hearing out of the jury's presence. In fact, appellant acquiesced in the procedure and cross-examined the proffered witness in the jury's presence with respect to the circumstances surrounding the confession. The issue was not "raised by the defendant." This is in accord with *Pinto* v. *Pierce,* 389 U. S. 31 (1967). There the court said: "Since trial counsel consented to the evidence on voluntariness being taken in the presence of the jury, and the judge found the statement voluntary, respondent was deprived of no constitutional right." Therefore, we find no merit in appellant's contention.

Appellant next contends that the lower court erred in admitting the testimony of an F. B. I. agent concerning a purported confession while appellant was in custody. We find no error. An F. B. I agent questioned appellant in a New Orleans jail for the purpose of identifying him in connection with a federal warrant for his arrest. The agent testified that he advised appellant of his constitutional rights as is required by *Miranda* v. *Arizona,* 384 U. S. 436 (1966) and that after the Miranda warnings had been read and fully explained to him, appellant signed the "advice of rights" and "waiver of rights" form and voluntarily confessed to having committed this alleged robbery. Further, that appellant was not threatened or abused by him or anyone else to his

knowledge. Appellant admits signing the statement to the effect that proper warnings had been given; he denies, however, that the warnings were explained to him and says that he signed the statement without reading it. He further stated that the confession made to the agent was involuntary. According to him, it was made because he had been physically abused by the New Orleans police and he concocted the confession in order to avoid possible prosecution in Louisiana. He denied the alleged offense. Reconciling discrepancies and conflicting testimony and weighing the evidence are within the exclusive province of the jury and it is the jury's prerogative to believe or disbelieve the witnesses. *Houpt* v. *State,* (Ark. Nov. 16, 1970) 459 S. W. 2d 565. A full review of the record convinces us that the court was correct in permitting the officer to orally recite his version of appellant's confession which was restricted to this alleged offense.

Appellant's next contention is that the court erred "in failing to have a witness requested by the defendant appear to testify in his behalf."

On the morning of the trial, appellant made a motion for a ten-day continuance for the purpose of obtaining a witness (in the Tennessee Penitentiary) to testify in his behalf. At the time this motion was made, appellant did not offer proof of the testimony to be adduced by the absent witness. This court has often said that the granting of continuances is within the sound discretion of the trial court and its action will not be reversed on appeal without a showing of an abuse of discretion. *Nash* v. *State,* (Ark. Mar. 23, 1970) 451 S. W. 2d 869. Furthermore, we held in *Davis* v. *State,* 95 Ark. 555, 129 S. W. 530 (1910) that the refusal to grant a continuance is not an abuse of discretion where there is no proof of the testimony to be offered by the absent witness. Appellant's contention is, therefore, without merit.

Affirmed.