Richard HILEMAN *v.* STATE of Arkansas

CR 75-223                                    535 S.W. 2d 56

Opinion delivered April 12, 1976

*Frierson, Walker, Snellgrove & Laser,* by: *Mark Ledbetter,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jack T. Lassiter,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was found guilty of possessing marihuana with intent to deliver and was sentenced to a term of five years, two of which were suspended. We need discuss only two of his points for reversal, as the third is not likely to arise upon a retrial.

There is no merit in the appellant's argument that he was arrested without probable cause and that therefore the marihuana found by the officers in their ensuing search of his vehicle was inadmissible. Officer McCasland testified that he stopped Hileman's automobile at about the break of dawn, because Hileman's headlights should have been on and because his brake lights did not seem to be working. Perhaps the officer's belief about the need for headlights was questionable, but it is undisputed that Hileman's brake lights were not working. Thus it cannot be said that the officer stopped the vehicle without probable cause.

We must, however, sustain the contention that the court should have stricken Officer Beach's testimony that Hileman admitted that he had bought the marihuana in Missouri. This is a pertinent excerpt from the officer's cross-examination:

Q. Did you at any time indicate to Richard Hileman that your only interest in the green vegetable material was to ascertain whether or not it was Arkansas dope and that you were not interested in an out-of-state dope problem?

A. Not to my knowledge. Possibly I did. I don't recall it.

Q. And possibly his statement could have been made in response to that?

A. Possibly, yes, sir.

We cannot agree with the State's argument that the motion to strike in effect requested the trial court to declare the statement involuntary as a matter of law. An in-custody statement, as this one was, is presumed to be involuntary, with the burden being upon the State to prove the contrary. *Mitchell* v. *Bishop,* 248 Ark. 427, 452 S.W. 2d 340 (1970), cert. dismissed, 400 U.S. 1025 (1971). Here the presumption was not overcome, for the officer in effect conceded that he may have used a misleading artifice to obtain Hileman's admission. The only certain way for the courts to disapprove the use of such artifices is to exclude any admission so induced.

A postscript: It is invariably with reluctance that we call attention to counsel's disregard of our rules, but without such admonitions the rules fail to achieve one of their purposes, which is to assist the court in its effort to handle its caseload. Rule 9 (b) requires that the appellant's opening statement be free from argument and that it be concise, ordinarily not exceeding two pages in length. In this case the appellant's statement of the case is highly argumentative. Moreover, it comprises seven printed pages, when a single page would have been more than adequate. And even with its length the statement is deficient, for it fails to tell the court what offense the defendant was charged with. We make it clear that the judgment is being reversed not as a result of the nonconforming opening statement, but in spite of it.

Reversed.