Larry Otis BUCY *v.* STATE of Arkansas

CR 80-36                                            610 S.W. 2d 576
Supreme Court of Arkansas
Opinion delivered January 26, 1981

*Thomas A. Martin, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of the manufacture of a controlled substance (marijuana) in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1979), receiving a sentence of 5 years imprisonment and a $5,000 fine.

Appellant argues that the court erred in allowing into evidence incriminating statements allegedly made by him when in custody without adequate *Miranda* warnings. Two officers testified that when appellant was taken into custody, he made statements to them which indicated his ownership of the marijuana. Appellant's objections to the voluntariness and admissibility of his statements were overruled. According to the officers, one of them orally acquainted appellant with his *Miranda* rights when neither officer could find a "rights card," and also appellant stated that he understood them. Appellant denied that he was accorded his rights nor was he aware of them. The presumption is that an in-custody statement is involuntary, and the burden is upon the state to show otherwise. *Hileman* v. *State*, 259 Ark. 567, 535 S.W. 2d 56 (1976). Suffice it to say it appears undisputed that the officers could not recall giving all of the basic and fundamental rights required by *Miranda* v. *Arizona*, 384 U.S. 436 (1966). *Miranda* requires that all these fundamental rights be given in clear and unequivocal terms. This is not demonstrated here; therefore, we hold that the incriminating statements made by the appellant were inadmissible and constituted prejudicial error.

Appellant also asserts that the court should have held a *Denno* hearing outside the presence of the jury to determine

the voluntariness of the statements. Ark. Stat. Ann. § 43-2105 (Repl. 1977) reads in pertinent part:

> . . . [T]he determination of fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; that the trial court shall hear the evidence concerning the admissibility and the voluntariness of the confession out of the presence of the jury and it shall be the court's duty before admitting said confession into evidence to determine by a preponderance of the evidence that the same has been made voluntarily.

To the same effect is *Estep* v. *State*, 244 Ark. 843, 427 S.W. 2d 535 (1968), which is in accord with *Jackson* v. *Denno*, 378 U.S. 368 (1964).

On the record before us, we are of the view that the issue of voluntariness was sufficiently raised at trial in a manner that required a hearing outside the presence of the jury on the voluntariness of the statements.

We do not discuss appellant's other contentions for reversal since they are not likely to reoccur.

Reversed and remanded.