**Leroy HARRIS, Appellant,**

v.

**Carl WHITE, Superintendent, Appellee.**

No. 84–1058.

United States Court of Appeals, Eighth Circuit.

Submitted September 12, 1984.

Decided Oct. 5, 1984.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Leroy Harris appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.

Harris was tried and convicted by a jury in Missouri state court for rape. His conviction was affirmed by the Missouri Supreme Court.[1] The only issue at trial was whether Harris forced himself on the victim, Connie Ignont. Harris did not testify but claimed Ignont consented. The only witness for the prosecution was Ignont. She testified that she struggled with Harris and submitted to him only because she feared for her safety and that of her children, who were sleeping in the house at the time. However, on cross-examination, Ignont acknowledged she had told various people that Harris had not raped her and, at the time of the incident, she wanted to "get back at men."

---

1. *State v. Harris,* 620 S.W.2d 349 (Mo.1981) (en banc). The court split 5–4 on the sufficiency of the evidence to convict Harris. On this appeal, however, Harris concedes the evidence of the complaining witness, Ignont, was sufficient to convict Harris under the standard of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Harris's counsel asked the trial court to conduct a hearing, outside the presence of the jury, to determine whether Ignont had been threatened or coerced by the prosecution to testify against Harris. It is alleged Ignont was told she would lose her children and go to jail if she did not testify against Harris. The trial court refused the request, concluding the matter related to credibility and could be brought out on cross-examination. In his petition for the writ of habeas corpus, Harris claims the failure to hold a hearing deprived him of due process under the fourteenth amendment. We disagree.

In *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), the principle was established that a defendant is entitled to a hearing regarding the voluntariness of any confession before it can be admitted into evidence. The basis for this right is found in the due process concern regarding self-incrimination expressed in the fifth and fourteenth amendments. The constitutional concern does not relate so much to the truthfulness of a confession but its voluntariness. In our accusatorial system the state may not establish guilt by compelling a defendant to incriminate himself. *See Jackson*, 378 U.S. at 385–86, 84 S.Ct. at 1785–86; *Rogers*, 365 U.S. at 540–41, 81 S.Ct. at 739.

The concerns in *Jackson* and *Rogers* do not extend to nonincriminating statements by witnesses.[2] The government has a right to compel non-incriminating testimony. *Kastigar v. United States*, 406 U.S. 441, 443, 92 S.Ct. 1653, 1655, 32 L.Ed.2d 212 (1972). The sixth amendment establishes the right of a defendant to require the presence of a witness at trial and implies a reciprocal right for the government.

Our discussion in no way supports the proposition that the state has a right to compel false testimony. Cross-examination is the long established method in our system for testing the veracity of testimony. In the rare case in which it might be shown the state has obtained false testimony, a mistrial may be declared or the witness's statements may be stricken from the record. We find no constitutional need to require a separate hearing to determine the truthfulness of the testimony of any witness. Accordingly, the district court's order dismissing Harris's petition is affirmed.

---

2. *LaFrance v. Bohlinger*, 499 F.2d 29 (1st Cir. 1974), cited by Harris, does not establish a general rule that witnesses' statements must be voluntary. In *LaFrance* the witness was a participant in the crime and his right not to be compelled to incriminate himself was implicated.