Gary MOORE *v.* STATE of Arkansas

CR 90-1                                        791 S.W.2d 698

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*Boyd A. Tackett, Jr.,* for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant, Gary Moore, was initially convicted of possession of marijuana with intent to deliver and possession of drug paraphernalia. We reversed and remanded that conviction. *Moore* v. *State,* 297 Ark. 296, 761 S.W.2d 894 (1988).

On retrial, Moore was convicted of possession of marijuana and sentenced to imprisonment in the Arkansas Department of Correction for six years and three months and fined $5,000. He was also convicted of possession of drug paraphernalia and sentenced to six months imprisonment in the Arkansas Department of Correction and fined $500.

Moore appeals both of his convictions and asserts that 1) the trial court erred in overruling his motion to strike a statement that he made to police officers, and 2) the trial court erred in failing to hold a "Denno" hearing. We agree that the trial court erred in failing to hold a "Denno" hearing; therefore, we will initially discuss Moore's second point of error.

Moore claims that his motion to strike his statement, based

on his allegation that the *Miranda* rights form did not apprise him that he had a right to a lawyer free of charge or at no cost to him and the arresting officers did not inform him of those particular rights, was sufficient to raise the issue of the admissibility of his "confession" and that the trial court's subsequent failure to hold a "Denno" hearing was a violation of Ark. Code Ann. § 16-89-107(b)(1) (1987).

■ In *Jackson* v. *Denno*, 378 U.S. 368 (1964), the principle was established that a criminal defendant is entitled to a hearing regarding the voluntariness of any confession before it can be admitted into evidence. The basis for this right is found in the due process concern involving self-incrimination, as expressed in the fifth and fourteenth amendments. *See also Harris* v. *White*, 745 F.2d 523 (Mo. 1984).

The court in *Jackson* v. *Denno, supra*, that:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction. Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. [Citations omitted.]

Arkansas has incorporated the concerns and requirements elicited in *Jackson* v. *Denno* in section 16-89-107(b)(1), which addresses the trial of issues of fact and provides as follows:

> Issues of fact shall be tried by a jury. However, the determination of fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; the trial court shall hear the evidence concerning the admissibility and the voluntariness of the confession out of the presence of the jury, and it shall be the court's duty before admitting the confession

into evidence to determine by a preponderance of the evidence that the confession has been made voluntarily.

Although there appears to be some disagreement as to whether Moore's statement is to be viewed as an exculpatory statement or a confession, the distinction in this case is of little consequence because we found in *DuBois* v. *State*, 258 Ark. 459, 527 S.W.2d 595 (1975), that when a defendant's in-custody statements are not confessions but exculpatory statements, on appeal they are treated as confessions in accordance with *Miranda* requirements.

Additionally, the presumption is that an in-custody statement is involuntary, and the burden is upon the State to show otherwise. *Bucy* v. *State*, 271 Ark. 768, 610 S.W.2d 576 (1981) (citing *Hileman* v. *State*, 259 Ark. 567, 535 S.W.2d 56 (1976)). A factor to be considered in determining the voluntariness of a waiver of the right to remain silent is the advice or lack of advice of constitutional rights. *Hatley* v. *State*, 289 Ark. 130, 709 S.W.2d 812 (1986); *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981).

As a result, Moore's filing a motion to strike his statement, with a certificate of service to the prosecuting attorney, sufficiently raised the issue of the voluntariness of his in-custody statement to require the court to hear the evidence concerning the admissibility and voluntariness of the statement out of the presence of the jury. The language of our code is clear that when the issue of the admissibility of a confession is raised by the defendant, "it shall be the court's duty before admitting the confession into evidence to determine . . . that the confession has been made voluntarily."

In addition, A.R.Cr.P. Rule 20.3(a) provides "At the omnibus hearing, the trial court on its own initiative shall: . . . (iv) make rulings on any motions . . . or other requests then pending . . . ." In this instance, the trial court conducted an omnibus hearing on March 17, 1989, yet failed to rule on Moore's motion to strike his confession which was pending at the time.

For these reasons, we must agree with Moore that the trial court's failure to conduct an evidentiary hearing on his motion to strike was error. However, this failure does not in and of

itself entitle Moore to a new trial. Instead, we remand to the trial court with instructions to hold a hearing and rule on the issue of the voluntariness of Moore's statement. *See Harris* v. *State*, 271 Ark. 568, 609 S.W.2d 48 (1980); *Jackson* v. *Denno, supra.* A new trial should be ordered only if the trial court finds the statement to have been involuntary. *Id.*

Due to the fact that Moore will now receive the required "Denno" hearing, we need not discuss his first point of error.

No error being shown except with respect to the required finding of voluntariness, the case is remanded for further proceedings upon that issue.

GLAZE, J., concurs.

HAYS, J., dissents.

TOM GLAZE, Justice, concurring. I concur. I harbor serious doubts that the appellant is entitled to a "Denno" hearing at this stage of the proceeding, but the record is sufficiently confusing on this point that I believe caution dictates one.

Arkansas Criminal Procedure requires a defendant to file a motion to suppress if he objects to the use of any evidence he claims was illegally obtained. A.R.Cr.P. Rule 16.2(a). The Rule includes objections pertaining to a confession or admission of a defendant involuntarily made. A.R.Cr.P. Rule 16.2(a)(3). However, where an omnibus proceeding is utilized by the trial court, Rule 16.2 does not apply.

Here, the trial court utilized an omnibus hearing, which is authorized by A.R.Cr.P. Rules 20.1—20.4. Under Rule 20.3, the trial court, among other things, must make rulings on any motions or other requests then pending and determine whether there are any procedural or constitutional issues which should be considered. A.R.Cr.P. Rule 20.3(a)(iv) and (v). Unless the trial court directs otherwise, all motions and requests made prior to trial should be reserved *and presented orally.* A.R.Cr.P. Rule 20.3(b). Any pretrial motion, request or issue which is not raised at the omnibus hearing shall be deemed waived, unless the party concerned did not have the information necessary to make the motion or raise the issue. A.R.Cr.P. Rule 20.3(c).

In the present case, appellant never raised the motion and

issue he now argues. On March 1, 1989, he filed a motion to strike the statements he made to the police because the rights form utilized by the officers did not apprise him that he had a right to a lawyer free of charge. On March 13, 1989, he filed four other motions which he orally presented to the trial court at an omnibus hearing held on March 17, 1989. The trial court denied those other motions. However, the record of the March 17 hearing reveals the appellant never mentioned the motion to strike that he had filed on March 1, 1989, and as a consequence, the trial court never ruled on it. If the balance of the record did not otherwise confuse this issue, I would be of the strong opinion that, under Rule 20.3(c), the appellant simply waived his right to raise his motion to strike because he failed to present it. After all, defendants have a right to raise and later abandon any issue they choose.

My problem arises from what transpired at trial on May 30, 1989. When officer A. J. Gary testified to the statement he took from the appellant, appellant's counsel objected and the prosecutor said, "I'd ask the court to hold with its previous ruling which is that it should not be suppressed." And again later in the trial, appellant's counsel stated that he wished to renew his motion to strike the statement he gave the police and the trial court denied that motion and the others appellant had previously made. From reading these exchanges between counsel and the trial court, it appears that at some time, the trial court actually ruled on appellant's motion to strike his statement and the court refused to suppress the introduction of the appellant's statement.

The Supreme Court has held that in making the primary determination of voluntariness of a confession, the judge need not make formal findings of fact or write an opinion, but his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. *Sims* v. *State of Georgia*, 385 U.S. 538 (1967). Here, the record before us reveals that, at some time prior to trial, the trial court may have ruled on the appellant's motion and denied his request to suppress his confession. Certainly, the record is not clear on what transpired, and if the court made such a ruling, the record fails to clearly reflect it. When confronted with such doubts that "Denno" standards may not have been satisfied, courts have opted to remand, as our court is doing, so a hearing can be conducted by the trial court to ensure

the defendant's constitutional rights will have been clearly protected. *State of Minnesota* v. *Tahash*, 364 F.2d 922 (8th Cir. 1966); *Mitchell* v. *Stephens*, 353 F.2d 129 (8th Cir. 1965).

For the reasons given above, I join in the majority court's remand of this case for a "Denno" hearing.

STEELE HAYS, Justice, dissenting. It is clear the appellant abandoned his motion to strike a "statement" given to the police after his arrest. At an omnibus hearing well in advance of trial he presented four motions: a motion to dismiss, a motion to produce witnesses, a motion to suppress chemical analysis reports and a motion on joinder. At the conclusion of the omnibus hearing counsel for appellant announced, "Thank you. That's all the defendant has, Your Honor." The trial judge then reminded the lawyers the case was set for trial on April 4 and the proceedings were adjourned.

Against the weight of well established rules of law and procedure the majority holds that the defendant did not waive his motion, that it was the state's or even the trial judge's burden to bring up the motion to strike. I respectfully disagree.

A.R.Cr.P. Rule 20.3(c) provides that "any pretrial motion, request or issue not raised at the omnibus hearing shall be deemed waived . . . ." Nothing in *Jackson* v. *Denno*, 378 U.S. 368 (1964) or in Ark. Code Ann. § 16-89-107 (1987), which the majority cite, suggests that a motion challenging an in-custodial statement may not be waived or abandoned. To the contrary, in *Hill* v. *State*, 250 Ark. 812, 467 S.W.2d 179 (1971), we applied the waiver doctrine to voluntariness of confessions, holding that when a defendant permits a jury, rather than the court in camera, to pass on the voluntariness of his confession, a Denno hearing is waived, citing *Pinto* v. *Pierce*, 389 U.S. 31 (1967). Moreover, the majority's interpretation of our statute is a departure from an earlier position. In *Smith* v. *State*, 254 Ark. 538, 494 S.W.2d 489 (1973), we said:

> We hold that whenever the accused *offers testimony* that his confession was induced by violence, threats, coercion or offers of reward then the burden is upon the state to produce all material witnesses who were connected with the controverted confession or give adequate explanation

for their absence. [My emphasis.]

We have held that in-custodial statements that are not in the nature of a confession do not even require a Denno hearing. *Workman* v. *State*, 267 Ark. 103, 589 S.W.2d 21 (1979). Whether the "statement" in this case is confessional in nature so as to warrant a Denno hearing is a matter of conjecture, as the statement is not to be found in the appendix. This court has often said it will not go to the record to determine whether a point of error is meritorious. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

Finally, I would point out that today's holding undermines a body of sound law that matters left unresolved in trial proceedings are waived. *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987); *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 280 (1986).