Gary MOORE *v.* STATE of Arkansas

CR 90-1                                                  828 S.W.2d 599

Supreme Court of Arkansas
Opinion delivered April 13, 1992

*Lynn A. Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This is the third appeal by the appellant, Gary Moore. Moore stands convicted of possession of marijuana and possession of drug paraphernalia. He was sentenced to six years and three months and fined $5,000 on the paraphernalia charge and was sentenced to six months in the Faulkner County jail and fined $500 for possession of marijuana. He now appeals on two grounds: a) he did not intelligently waive his *Miranda* rights because the police officer did not advise him that an attorney would be provided him free of charge; and b) it was error to conduct a hearing under *Jackson* v. *Denno*, 378 U.S. 368 (1964), after introduction of a statement, and the error could not be cured by a post-conviction hearing. The arguments are meritless, and we affirm.

Moore was charged on March 18, 1987, with possession of a pound of marijuana on the day before with intent to deliver and with possession of drug paraphernalia. He was convicted of both charges and sentenced on September 16, 1987. We reversed on the basis that Moore's trial should have been severed from that of his co-defendants because a statement of a co-defendant improperly implicated him in the crimes charged and because Moore's own statement referred to the other co-defendants. *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988) (*Moore I*). We remanded the case for a new trial.

In his second trial on May 30, 1989, Moore was tried alone and convicted of both charges and sentenced as stated previously in this opinion. He appealed on the two points presently before this court, that is, he was not appropriately advised that he was entitled to an attorney free of charge, and he was not afforded a *Denno* hearing on his motion to strike his statement. We agreed

on his second point and remanded the matter for a *Denno* hearing. *Moore* v. *State*, 303 Ark. 1, 791 S.W.2d 698 (1990) (*Moore II*). We held, however, that the conviction and sentence would stand absent a finding by the circuit court that Moore did not knowingly and intelligently waive his *Miranda* rights or that he did not voluntarily make his statement. We reserved judgment on the argument raised regarding "free" counsel.

A *Denno* hearing was held by the circuit court on December 14, 1990. Moore denied that he knew he was entitled to free counsel, but the court found that Moore's statement was admissible.

We first consider the point that Moore was not advised he was entitled to counsel free of charge as part of his *Miranda* warnings. The rights form read by the police detective to the appellant and initialed and signed by the appellant contains the statement: "You may have an attorney appointed by the court to represent you if you cannot afford or otherwise obtain one." Detective A.J. Gary of the Conway Police Department stated on cross-examination: "I always add the word free since the Supreme Court passed a different decision." Moore argues that because of Officer Gary's addendum the *Miranda* warnings were deficient.

■ We disagree. We have previously held on this very point as follows:

> . . . [T]he warning must make some reference to the indigency of the person being warned in connection with informing him that an attorney will be appointed for him. While we are not holding that specific words are required, we suggest it would be very simple for the warning to say that the person being warned has the right to have an attorney present and that he may either retain one himself or, if he cannot afford one, have one appointed by the court.

*Mayfield* v. *State*, 293 Ark. 216, 222-223, 736 S.W.2d 12, 15 (1987); *see also Whitmore* v. *State*, 296 Ark. 308, 756 S.W.2d 890 (1988) (we held sufficient a warning "if you cannot afford a lawyer, one will be appointed for you. . . ."). In the case before us, the form read that if the accused could not afford counsel, one would be appointed for him. The language is almost word-for-

word in accordance with our suggested language in *Mayfield* and easily passes constitutional muster. Whether the police officer added the word "free" to the warning under these circumstances is irrelevant.

We next turn to the procedure employed by the circuit court in regard to the *Denno* hearing. Moore argues that conducting a *Denno* hearing on his motion to strike the statement after trial, conviction, and sentencing does not cure a fatal deficiency in the process. We decided this issue in *Moore II*, however, when we held:

> . . . [W]e must agree with Moore that the trial court's failure to conduct an evidentiary hearing on his motion to strike was error. However, this failure does not in and of itself entitle Moore to a new trial. Instead, we remand to the trial court with instructions to hold a hearing and rule on the issue of the voluntariness of Moore's statement. *See Harris* v. *State*, 271 Ark. 568, 609 S.W.2d 48 (1980); *Jackson* v. *Denno, supra*. A new trial should be ordered only if the trial court finds the statement to be involuntary. *Id.*

*Moore II*, 303 Ark. at 4-5, 791 S.W.2d at 700. The circuit court found that Moore's statement was admissible. Moreover, Moore has presented no argument showing how he was prejudiced by a post-conviction *Denno* hearing. We have held that there must be some showing of prejudice to reverse a conviction. *See Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984). We, therefore, affirm the convictions and sentences.

Affirmed.