Tony Floyd BOOKOUT *v.* STATE of Arkansas

CA CR 92-1038 854 S.W.2d 739

Court of Appeals of Arkansas
Division II
Opinion delivered June 9, 1993
[Supplemental Opinion Granting Rehearing June 30, 1993.]

*Henry & Mooney*, by: *John R. Henry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Tony Floyd Bookout was found guilty by a Lawrence County jury of theft by receiving and was sentenced to three years in the Arkansas Department of Correction. Prior to trial the court held a hearing on appellant's motion to suppress evidence obtained in the search of a 1979 Dodge van that he was driving. The circuit court held that Bookout had no standing to contest the search because he had no

proprietary interest in the van. We agree with the appellant that this ruling was in error.

On August 30, 1991, Bookout was driving a 1979 Dodge van when he was stopped by State Trooper Steve Coleman. The trooper searched the van and obtained incriminating evidence. Following a hearing on Bookout's motion to suppress, the court found that, at the time of the arrest, Bookout was living with a woman named Dorothy Hefner and that they had a child; that Bookout had no ownership interest in the van (it belonged to Ms. Hefner); that the van had been loaned to him on various occasions; that for the two weeks immediately preceding his arrest, Bookout was in exclusive possession of the van; and that the van was used by him to make an income and to help support the family. The court held that he had no standing to challenge the search because he had no proprietary interest in the van.

The decision here is clearly governed by *State* v. *Villines*, 304 Ark. 128, 801 S.W.2d 29 (1990). There the court said:

> The doctrine of standing to invoke the fourth amendment exclusionary rule has evolved to focus on a defendant's substantive fourth amendment rights. *State* v. *Hamzy*, 288 Ark. 561, 564, 709 S.W.2d 397, 398 (1986); *Rakas* v. *Illinois*, 439 U.S. 128, 140 (1978). Accordingly, evidence should be excluded when the court finds that an unlawful search or seizure violated the defendant's own constitutional rights, and his rights are violated if the challenged conduct invaded his legitimate expectation of privacy. *Johnson* v. *State*, 303 Ark. 12, 18, 792 S.W.2d 863, 866 (1990); *Rakas* v. *Illinois*, 439 U.S. 128, 138-40 (1978). In *Rakas, supra*, the Supreme Court made clear that a defendant can have a reasonable expectation of privacy in the area searched, or the object seized, if he can show a possessory interest in them.

> . . . .

> If the owner of a vehicle has turned it over to another person for some period of time, that person has standing to challenge a search of the car during the bailment. 4 W. LaFave, *Search and Seizure, A Treatise on the Fourth*

*Amendment* § 11.3(e), at 334 (2d ed. 1987). In *United States* v. *Ochs*, 595 F.2d 1247 (2d Cir. 1979), the court held that the appellant had a possessory interest in the searched vehicle because the owner allowed him to use it whenever he wished and he freely availed himself of that privilege. The appellant had permission to use the car and had a key to it. *Id.* at 1253. A person may have a legitimate expectation of privacy in a place or object he does not own. *U.S.* v. *Perez*, 689 F.2d 1336, 1338 (9th Cir. 1982); *U.S.* v. *Reyes*, 595 F.2d 275, 278 (5th Cir. 1979).

In sum, Villines and Miller were lawfully in joint possession of the car and had a reasonable expectation of privacy in its trunk. The trial court correctly ruled that they had a possessory interest in the car sufficient to give them standing to challenge the search of it on fourth amendment grounds.

*See also State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992).

■ The trial court apparently relied on *Fernandez* v. *State*, 303 Ark. 230, 795 S.W.2d 52 (1990). There, the supreme court held that the defendant bears the burden of proving that he had a legitimate expectation of privacy in an automobile. In *Fernandez* the court found that the appellant never showed that he "lawfully owned or possessed the car." In the case at bar, however, the trial judge expressly found that Bookout was in lawful and exclusive possession of the van. It follows that Bookout had standing to challenge the search of the van.

Reversed and remanded.

COOPER and ROBBINS, JJ., agree.

SUPPLEMENTAL OPINION ON REHEARING
JUNE 30, 1993

*John R. Henry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

PER CURIAM. In *Bookout v. State*, 42 Ark. App. 109 (1993), Division II of this court delivered an opinion reversing and remanding this case. Bookout had been found guilty in Lawrence County of theft by receiving, after a jury trial, and had been sentenced to three years imprisonment. Our holding in the case was that the circuit judge erred in denying a pre-trial motion to suppress the grounds of lack of standing to contest a search. We held that Bookout did have standing.

On petition for rehearing, the State asks that our remand direct the circuit court to conduct a new trial only *if* the appellant's motion to suppress is granted, following an appropriate hearing. Appellant has filed no response to the petition for rehearing.

 We believe the State's suggestion is appropriate and so direct the trial court. The petition for rehearing is granted and our original opinion modified to show that the case is remanded rather than reversed and remanded. *See Moore* v. *State*, 303 Ark. 1, 791 S.W.2d 698 (1990).